JOHN SIEGMANN, a Minor, by his Father and Next Friend, Alan Siegmann, Plaintiff-Appellant, v. NATHAN BUFFINGTON *et al.*, Defendants-Appellees.

Third District   No. 3—92—0206

Opinion filed November 24, 1992.

Aplington, Kaufman, McClintock, Steele & Barry, Ltd., of La Salle (Raymond R. Nolasco, of counsel), for appellant.

Hinshaw & Culbertson, of Chicago (D. Kendall Griffith, of counsel), Brian P. Thielen, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Bloomington, Boyle, Goldsmith, Shore & Bolin, of Hennepin, and Helmig & Helmig, of Granville, for appellees.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff John Siegmann, by his father and next friend, Alan Siegmann, filed this personal injury action seeking damages for injuries he sustained during an altercation at Putnam County high school. The trial court granted summary judgment in favor of defendants Joe Massino and Putnam County Community School District No. 535. Plaintiff appeals, and we affirm.

In December of 1989, plaintiff was a student at Putnam County high school. On December 4, 1989, plaintiff was assaulted by Nathan Buffington in the high school parking lot. On December 5, plaintiff was informed by two of Buffington's friends that Buffington wanted to fight again that afternoon. Plaintiff went to defendant Joe Massino, the high school principal, and informed him that Buffington wanted to fight and that he (plaintiff) had no desire to fight Buffington. Massino told plaintiff that he would meet with Buffington and instruct him to leave plaintiff alone.

Later that day, Massino met with Buffington and informed him that he was aware of the altercation that had taken place the day before. Massino instructed Buffington not to bother plaintiff or have anyone else bother him. Buffington told Massino that he had resolved his problems with plaintiff and that he would not bother him anymore.

After school on December 5, Buffington again assaulted plaintiff in the parking lot. Plaintiff was injured during the fight. Plaintiff filed this personal injury suit against Buffington, Buffington's parents, Massino and the school district. On appeal, plaintiff contends that the trial court erred in granting summary judgment in favor of Massino and the school district.

■■ It is well settled that in order to impose liability against educators, a plaintiff must prove willful and wanton misconduct. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705; *Weiss v. Collinsville Community Unit School District*

*No. 10* (1983), 119 Ill. App. 3d 68, 456 N.E.2d 614.) Willful and wanton conduct has been defined as follows:

"[C]onduct which is either intentional or committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent the injury or a failure to discover the danger through recklessness or carelessness when it could have been discovered by ordinary care." *Templar v. Decatur Public School District No. 61* (1989), 182 Ill. App. 3d 507, 511, 538 N.E.2d 195.

Thus, "[t]o impose liability on educators, a plaintiff must allege and establish that when the educators acted, or failed to act, it was with knowledge that such conduct posed a high probability of serious physical harm to others." (*Toller v. Plainfield School District 202* (1991), 221 Ill. App. 3d 554, 557, 582 N.E.2d 237, 239.) Whether a defendant's conduct is willful and wanton may be a question of law. *Toller*, 221 Ill. App. 3d at 558, 582 N.E.2d at 239; *Lynch v. Board of Education of Collinsville Community Unit District No. 10* (1980), 82 Ill. 2d 415, 412 N.E.2d 447.

▮ We find that Massino's actions in this case did not amount to willful and wanton misconduct. When plaintiff informed Massino of the problem, Massino took reasonable steps to remedy the situation. He met with Buffington to discuss the problem and instructed Buffington not to bother plaintiff. Most importantly, Buffington assured Massino that his problem with plaintiff was resolved and that he would not bother plaintiff anymore. Believing Buffington and failing to take further action may have been somewhat careless, but it does not evidence a reckless disregard for the safety of the plaintiff.

Plaintiff argues that Massino should have stationed a monitor in the parking lot after school as a precautionary measure. While it appears in hindsight that this may have been a more prudent course of action, Massino's failure to do so does not indicate an "utter and conscious disregard" for the safety of the plaintiff. *Lynch*, 82 Ill. 2d at 430, 412 N.E.2d at 457.

Plaintiff relies on *Gammon v. Edwardsville Community Unit School District No. 7* (1980), 82 Ill. App. 3d 586, 403 N.E.2d 43, where the court held that a school counselor had failed to take adequate steps to prevent an altercation between two students. *Gammon* is distinguishable from the case at bar. When the counselor met with the offending student in *Gammon,* the student did not assure the counselor that the problem was over and that she would leave the plaintiff alone. On the contrary, the offending student remained quite

angry when she left the counselor's office. The counselor did nothing further, and the plaintiff was subsequently attacked by the offending student. The court held that the counselor had simply placed the plaintiff back in the position she had been in prior to going to the counselor for help. That was clearly not the case here.

For the reasons stated above, the order of the circuit court of Putnam County is affirmed.

Affirmed.

GORMAN and HAASE, JJ., concur.